# MEMORANDUM

DATE: 2-19-04

TO:     Courtroom Clerk for Judge *Gertner*

and Magistrate Judge *Cohen*

FROM:   Sheila A Diskes

SUBJECT:    Assignment of New Indictment/Information (Superseding _____ )[1]

Please be advised that the following indictment/information returned or filed on _____ _____ has been assigned/referred to you.

Criminal No. *04-10048-NG* U.S.A. v. *G. Rodriguez*

✓ This INDICTMENT/INFORMATION is SEALED. The original file and copies will be maintained under seal until requested or retrieved.

_____ This INDICTMENT/INFORMATION is not sealed. The original file will be forwarded to _____ _____ upon completion of case opening. A copy of the indictment/information is attached for your information.

cc:     AUSA _____

(newindic.mem - 08/96)

----

[1] **Note:**

1.  **Please check defendant order if this case is superseding. The defendant order does not, and WILL NOT, be changed from that in the original case.**

2.  **THERE IS NO AUTOMATIC REFERRAL TO A MAGISTRATE JUDGE REGARDING SUPERSEDING INDICTMENTS.**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## ORDER OF REFERENCE

*U S A*

v.

*C. Rodriguez*

Check if previously referred _____

CA/CR No. *04-10048-NG*

Criminal Category _____*II*_____

In accordance with 28 U.S.C. §636 and the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, the above-entitled case is referred to Magistrate Judge _____ for the following proceedings:

(A)    Determination (Order) on:
      ( ) Rule 16(b) and/or Pretrial proceedings *(except ex parte motions in criminal cases)*
      ( ) Nondispositive pretrial and discovery motions(s) not listed in Paragraph (B) below
         See Documents Numbered : _____
      ( ) Ex Parte Motions in criminal cases - See Documents Numbered: _____

    Action taken by the Magistrate Judge on matters referred for determination shall constitute the Order of the Court and shall be reconsidered only where shown to be clearly erroneous in fact or contrary to law.    28 U.S.C. §636(b)(1)(A).

(B)    Findings and Recommendations pursuant to 28 U.S.C. §636(b)(1)(B) on:
      ( ) Motion(s) for injunctive relief
      ( ) Motion(s) for judgment on the pleadings
      ( ) Motion(s) for summary judgment
      ( ) Motion(s) to permit maintenance of a class action
      ( ) Motion(s) to suppress evidence
      ( ) Motion(s) to dismiss
         See Documents Numbered: _____

(C)    Service as a special master for hearing, determination and report, subject to the terms of the special order filed herewith:
      ( ) In accordance with Rule 53, F.R.Civ.P.
      ( ) In accordance with 42 U.S.C. §2000e-5(f)(5)

(D)    Special instructions *Pretrial* _____

_____
*2-19-04*
DATE

By : _____
Deputy Clerk

( ) Civil Rule 16(b) /Pretrial Proceedings
( ) Civil and MBD Discovery
( ) Service as Special Master
( ) Civil Dispositive Motions
( ) Miscellaneous

( ) Criminal Dispositive Motions
( ) Criminal Pretrial or Discovery
( ) Criminal Ex Parte Motions
( ) Post Conviction Proceedings[1]

(Order of Ref to MJ.wpd - 12/98)

[oref., koref.]

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                             )
                             )
                             )
         V.                      )

**04CR10048-NG**

Criminal No.

VIOLATIONS:
21 U.S.C. § 846--
Conspiracy to
Distribute Cocaine

(1) CARMELO RODRIGUEZ,
    A/K/A "KING CARMELO,"
(2) RICARDO ROSARIO,
    A/K/A "KING BND,"
(3) GIECLIFF RODRIGUEZ,
    A/K/A "KING BEAR,"
(4) JONATHAN DELEON,
    A/K/A "KING DANGER,"
    A/K/A "KING JONATHAN"

21 U.S.C. § 841(a)(1)--
Distribution of Cocaine

18 U.S.C. § 2--
Aiding and Abetting

18 U.S.C. §924(c)
Carrying and Using a
firearm during and
in relation to a
drug trafficking crime

21 U.S.C. §853--
Criminal Forfeiture
Allegation

## INDICTMENT

**COUNT ONE:**    **(21 U.S.C. § 846 -- Conspiracy To Distribute Cocaine)**

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about October, 2003, and continuing thereafter until the date of this indictment, in Lawrence, Lowell, and elsewhere in the District of Massachusetts,

      **(1) CARMELO RODRIGUEZ, A/K/A "KING CARMELO,"**
      **(2) RICARDO ROSARIO, A/K/A "KING BND,"**
    **(3) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR," AND**
  **(4) JONATHAN DELEON, A/K/A "KING DANGER," A/K/A "KING JONATHAN,"**

the defendants herein, did knowingly and intentionally conspire and agree with each other and persons unknown to the Grand Jury to possess with intent to distribute, and to distribute, a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>:       **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine;**
                  **18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about October 3, 2003, at Lawrence in the District of Massachusetts,

### (1) RICARDO ROSARIO, A/K/A "KING BND,"

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

-3-

**COUNT THREE**:    **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine;**
                    **18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about October 24, 2003, at Lawrence in the District of Massachusetts,

**(1) CARMELO RODRIGUEZ, A/K/A "KING CARMELO,"**
**(2) RICARDO ROSARIO, A/K/A "KING BND,"**

the defendants herein, did knowingly and intentionally possess with intent to distribute and distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT FOUR**:      **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine;**
                     **18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about October 28, 2003, at Lawrence and Lowell, in the District of Massachusetts,

**(1) CARMELO RODRIGUEZ, A/K/A "KING CARMELO,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

-5-

**COUNT FIVE**:      **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine;**
**18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about October 30, 2003, at Lowell and Lawrence in the District of Massachusetts,

**(3) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT SIX:**     **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine;**
                   **18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about November 1, 2003, at Lowell and Lawrence in the District of Massachusetts,

**(3) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

-7-

<u>COUNT SEVEN</u>:    **(18 U.S.C. § 924(c)(1) - Using and Carrying a Firearm During a Drug Trafficking Crime)**

The Grand Jury further charges that:

On or about November 1, 2003, at Lawrence and Lowell in the District of Massachusetts,

**GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,"**

the defendant herein, used and carried a firearm during and in relation to a drug trafficking crime, to wit, distributing a quantity of cocaine and aiding and abetting the distribution of quantity of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2, as charged in Count Six of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1).

**COUNT EIGHT:**   **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine; 18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about November 4, 2003, at Lowell and Lawrence in the District of Massachusetts,

### (3) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,"

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT NINE:**      **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine;**
                     **18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about November 6, 2003, at Lowell in the District of
Massachusetts,

**(1) CARMELO RODRIGUEZ, A/K/A "KING CARMELO,"**

the defendant herein, did knowingly and intentionally distribute
a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section
841(a)(1) and Title 18, United States Code, Section 2.

-10-

**COUNT TEN**:    **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine; 18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about November 14, 2003, at Lowell in the District of Massachusetts,

**(1) CARMELO RODRIGUEZ, A/K/A "KING CARMELO,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT ELEVEN:**    **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine;**
                     **18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about November 18, 2003, at Lowell in the District of Massachusetts,

> **(1) CARMELO RODRIGUEZ, A/K/A "KING CARMELO," and**
> **(3) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,"**

the defendants herein, did knowingly and intentionally possess with intent to distribute a quantity of cocaine and did distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

<u>**COUNT TWELVE**</u>:   **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine;
18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about December 9, 2003, at Lowell and Lawrence in the District of Massachusetts,

**(4) JONATHAN DELEON, A/K/A "KING DANGER," A/K/A "KING JONATHAN,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

-13-

**COUNT THIRTEEN:**    **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine; 18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about December 29, 2003, at Lowell and Lawrence in the District of Massachusetts,

**(1) CARMELO RODRIGUEZ, A/K/A "KING CARMELO,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

-14-

**COUNT FOURTEEN:**          **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine; 18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about January 2, 2004, at Lawrence in the District of Massachusetts,

**(2) RICARDO ROSARIO, A/K/A "KING BND,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT FIFTEEN**: **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine; 18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about January 5, 2004, at Lowell in the District of Massachusetts,

**(3) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT SIXTEEN**: **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine; 18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about January 8, 2004, at Lowell in the District of Massachusetts,

**(1) CARMELO RODRIGUEZ, A/K/A "KING CARMELO,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

-17-

## FORFEITURE ALLEGATION

### (21 U.S.C. § 853)

The Grand Jury further charges that:

1.    As a result of the offenses alleged in Counts 1 through 16 of this Indictment,

**(1) CARMELO RODRIGUEZ, A/K/A "KING CARMELO,"**
**(2) RICARDO ROSARIO, A/K/A "KING BND,"**
**(3) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR," AND**
**(4) JONATHAN DELEON, A/K/A "KING DANGER," A/K/A "KING JONATHAN,"**

defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2.    If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

> (a)    cannot be located upon the exercise of due diligence;
>
> (b)    has been transferred or sold to, or deposited with, a third party;
>
> (c)    has been placed beyond the jurisdiction of the Court;
>
> (d)    has been substantially diminished in value; or
>
> (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21,

-18-

United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY


_____
JOHN A. WORTMANN, JR.
PETER K. LEVITT
ASSISTANT U.S. ATTORNEYS


DISTRICT OF MASSACHUSETTS                February 19, 2004


  Returned into the District Court by the Grand Jurors and
filed.

_____
Deputy Clerk  12:21 P


-20-