

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

March 15, 2004

**BY HAND**

Robert M. Griffin
30 Eastbrook Road
Dedham, MA

      Re:   United States v. Giecliff Rodriguez
             Criminal No. 04-10048-NG

Dear Mr. Griffin:

     Pursuant to Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts, the government hereby provides you with the following automatic discovery in the above-referenced case:

A.    Rule 16 Materials

1.    Statements of Defendant under Rule 16(a)(1)(A)

    a.    Written Statements

    There are no relevant written statements of the defendant Giecliff Rodriguez, a/k/a "King Bear" (hereinafter referred to as "the defendant") in the possession, custody, or control of the government.

    b.    Recorded Statements

    Consensual tape-recordings were made of personal meetings and telephone conversations involving the defendants and a cooperating witness ("CW-2") as is indicated in the index attached as Exhibit 1. All audio and video tapes are available for your review and a copy of them is being prepared and will be forwarded to the Duplicating Center, 42 Chauncy Street Suite 3A, Boston, MA 02111 ("Duplicating Center"), telephone number 617-

728-0000. In the event your client is detained pending trial, a copy of the audiotapes will also be sent to the institution at which the defendant is being held in accordance with LR 116.4.

To date, draft transcripts of these tapes have not been prepared. However, summaries of some of the recorded conversations have been prepared as part of Bates Number documents previously been provided to you.

   c.   Grand Jury Testimony of the defendant

The defendant did not testify before the grand jury. Nor am I aware of any other statements made by him to law enforcement agents other than answers to the standard booking questions that would have been posed to him after his arrest or as may be referenced in the reports produced in this action. If I become aware of any such additional statements, I will advise you at once.

   d.   Oral Statements to then Known Government Agents

Other than booking statements referenced in the preceding paragraph and other statements that are referenced in the reports produced in this matter (including the reports concerning the post-arrest statements made by the defendant and others on 2/24/03 and summarized in the reports introduced at the detention hearing and the 7/15/03 report summarizing statements made by Ricardo Rosario in an unrelated case), I am presently unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known by the defendant to be a government agent, which the government intends to use at trial. If I become aware of any such statements, I will advise you at once.

2.   Defendant's Prior Record under Rule 16(a)(1)(B)

I understand that you received a copy of prior criminal record of the defendant from Pretrial Services. Please contact me if you need a duplicate copy.

3.   Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items that the are within the possession, custody, and control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this matter, or were obtained from or belong to the defendant may be examined by contacting the

undersigned Assistant United States Attorney and making an appointment to view the same at a mutually convenient time.

4.  Reports of Examinations and Tests under Rule 16(a)(1)(D)

Copies of the DEA-7 laboratory reports received to date relating to the drugs purchased from the defendants in this case have been produced. Any additional laboratory reports received after the date of this latter will be forwarded to you.

Should we be unable to reach a stipulation as to the results of the examination of the drugs seized in this case, the government plans to offer testimony concerning the results of the laboratory analysis of the drug exhibits (i.e., that they are cocaine).

B.  Search Materials under Local Rule 116.1(C)(1)(b)

Searches were conducted of property belonging to the defendants in this case. These include 19 5th Street Second Floor Lowell, Massachusetts and 750 Merrimack Street, #3, Lowell, Massachusetts. Copies of the search warrants, applications and supporting affidavits for these searches are attached as part of Bates Numbered documents 1090-1172 attached hereto as Exhibit 2. The returns for these search warrants (and reports describing the searches) are being prepared and will be provided to you.

Any items seized from the defendant at the time of his arrest may be examined by appointment in accordance with paragraph 3, above and a copy of any agency reports describing any inventory search will be provided to you upon receipt by this office.

Search warrant materials concerning other searches in this investigation cases are also included as Bates Numbered Documents 1090-1172. Returns for any other searches (and reports describing the searches) will be produced.

Except as described herein, the government is not in possession of reports related to the seizures of evidence in this case that it presently anticipates offering in its case-in-chief beyond those items otherwise described in this letter.

C.  Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire or electronic communications of your client were intercepted by the government in connection with this case pursuant to 18 U.S.C. §§ 2510-2518.

D.  <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

As discussed above, this case involved the use of consensual monitored meetings and conversations that were recorded. Although summaries of some conversations have been prepared (and, as is indicated above, have been produced), no formal transcripts of these tapes (either draft or final) are presently available. Any such transcripts that are prepared will be made available to you in accordance with Local Rule 116.4(B). Although not required by Local Rule 116.1(C)(1)(d)(i), the government has also produced the FBI-302 and other reports relating to these consensual recordings and other contacts with the defendant concerning the offenses described in the Indictment. These reports were also included in the documents previously produced and identified as Bates Number documents 1-1028.

E.  <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

REDACTED

4

**REDACTED**

F.  Identifications under Local Rule 116.1(C)(1)(f)

There were several kinds of identification procedures used in the course of this investigation by witnesses who the government anticipates calling as witnesses in its case-in-chief. In addition to traditional photographic arrays and identifications made by surveillance agents who were personally familiar with targets of the investigation, agents working on the investigation frequently reviewed videos of controlled purchases and compared the image of the individual on the video to booking or other photographs of suspected targets. All such procedures of which I am aware are described in the police reports previously produced. All videos taken in this case will be made available in accordance with the procedures described in this letter.

Except as may be indicated in the documents produced to date, I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo-spread or other display of an image of the defendant. In the event I become aware that such a procedure was used, I will advise you at that time and will provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedures.

G.  Exculpatory Evidence under Local Rule 116.2

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.  The government is aware of no evidence that would tend directly to negate the defendants' guilt concerning any count in the Indictment.

2.  The government is aware of no information that would cast doubt on the admissibility of evidence that the government

anticipates offering as part of its case-in-chief and that could be subject to a motion to suppress or exclude.

3. The drug purchases made from the defendants in this case were made by CW-2. Other than CW-2, no promises, rewards, or inducements have been given to any witness whom the government presently anticipates calling as part of its case-in-chief.

Prior to the date of this letter, CW-2 received $15,500 from the FBI in connection with its involvement in this investigation. This total includes payments for expenses, including relocation expenses necessitated to ensure CW-2's safety.

In addition to these payments, additional rewards, payments, and inducements were given to CW-2 in connection with a controlled drug purchase made earlier in this investigation by another cooperating witness. After this purchase was made, CW-2 was advised of the purchase and told that he/she would not be immediately charged if he/she was willing to cooperate in this investigation and the fact and extent of that cooperation would be brought to the attention of the United States Attorney. Agents also assisted CW-2 in clearing an outstanding arrest warrant issued in a drug case in state court in order to facilitate his/her cooperation and then brought the fact of that cooperation to the district attorney who allowed CW-2 to plead guilty and recommended a sentence of probation which was accepted by the state district court judge. Agents also assisted CW-2 in having his/her driving privileges restored/maintained. CW-2 has also been advised that agents will provide CW-2 further assistance as needed to protect CW-2 and CW-2's family from retaliation.

Pursuant to Local Rule 116.6(A), the government declines to disclose at this time the identity of CW-2 involved in the investigation of the transactions described in the indictment. The government believes that such a disclosure would be detrimental to the interests of justice. The government takes the position that the exposure of the identity of CW-2 would put their safety in jeopardy. The government is prepared to identify CW-2 at a reasonable time before trial.

4. Other than the CW-2, the government is unaware that any of its presently anticipated case-in chief-witnesses has any criminal record or criminal cases pending. A redacted copy of the criminal record of CW-2 is attached as Exhibit 3. This will also be updated and any additional information will be forwarded.

   5. No named percipient witness failed to make a positive identification with respect to the crimes described in the indictment.

   H.   Other Matters

   The government recognizes that its duty of disclosure and discovery as set forth in Local Rule 116 and Rule 16 of the Federal Rules of Criminal Procedure is a continuing one. In addition, please consider this letter to be a request for reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b). I request that you provide a written response to my request for reciprocal discovery within 10 days of receipt of this letter.

   I.   Request for Alibi Information

   According to the government's evidence, meetings and/or conversations took place with the defendants in this case on the following dates and times:

| Date | Time (apprx) | Location | Participating def's. |
|---|---|---|---|
| 10/3/03 | 7:30p.m. | 436 Hampshire St. Lawrence | Rosario |
| 10/24/03 | 9:00p.m. | McDonalds Essex Street Lawrence | C. Rodriguez |
| 10/28/03 | 10:00p.m. | Hafner's Car Wash Market and Parker Sts. Lawrence | C. Rodriguez |
| 10/30/03 | 5:30p.m. | 92 Sullivan Ave Lawrence | G. Rodriguez |
| 10/30/03 | 6:15p.m. | Middlesex Avenue Lowell | G. Rodriguez |
| 11/1/03 | 3:35p.m. | 92 Sullivan Ave. Lawrence | G. Rodriguez |
| 11/1/03 | 6:10p.m. | 1016 Middlesex Ave Lowell | G. Rodriguez |
| 11/4/03 | 6:10p.m. | 92 Sullivan Avenue Lawrence | G. Rodriguez |

| Date | Time | Location | Name |
|---|---|---|---|
| 11/4/03 | 7:10p.m. | 1016 Middlesex Ave. Lowell | G. Rodriguez |
| 11/6/03 | 6:38p.m. | Father Monsignor Hghy & 120 Cabot Street Lowell | C. Rodriguez |
| 11/9/03 | 5:45p.m. | 1016 Middlesex Ave. Lowell | G. Rodriguez |
| 11/14/03 | 7:38p.m. | Father Monsignor Hghy & 120 Cabot Street Lowell | C. Rodriguez |
| 11/18/03 | 7:55p.m. | 1016 Middlesex Ave Lowell | G Rodriguez |
| 11/18/03 | 8:15p.m. | Parking lot near 1016 Middlesex Ave Lowell | G. Rodriguez C. Rodriguez |
| 11/19/03 | 6:30p.m. | 436 Hampshire Street Lawrence | Rosario |
| 12/9/03 | 9:50p.m. | Dunkin' Donuts Near the Tavern Lowell | Deleon |
| 12/29/03 | 3:15p.m. | Father Monsignor Hghy & 120 Cabot Street Lowell | C. Rodriguez |
| 1/2/04 | 4:35p.m. | 588/590 Andover St. Lawrence | Rosario |
| 1/2/04 | 5:12p.m. | 7/9 Thorndike St. Lawrence | Rosario |
| 1/5/04 | 4:05p.m. | 1016 Middlesex Ave Lowell | G. Rodriguez |
| 1/8/04 | 7:05p.m. | Father Monsignor Hghy & 120 Cabot Street Lowell | C. Rodriguez |
| 1/28/04 | 5:32p.m. | 588/590 Andover St. Lawrence | Rosario |

2/7/04      7:03p.m.         Father Monsignor Hghy &  C. Rodriguez
                             120 Cabot Street
                             Lowell

    Pursuant to Fed. R. Crim. P. 12.1, the government hereby requests notice of any intention to offer an alibi defense to the charged offenses or any of the above-captioned meetings or conversations.

    If you have any questions about any of this information or wish to discuss this case, please call us at (617) 748-3100.

                                  Very truly yours,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

                 By:   _____
                         JOHN A. WORTMANN, JR.
                         PETER K. LEVITT
                         Assistant U.S. Attorneys

enclosures


cc:  Maria Simeone, Courtroom Clerk to
     U.S. Magistrate Judge Lawrence P. Cohen
     (with information regarding co-conspirators redacted)